## The Commonwealth *versus* Cox's Administrator.

Where on the application of the sureties of a guardian, he is required to give further security, under the 22d section of the Act of 29th March 1832, and a second bond is given, with other sureties, the whole number, as well those on the first, as those on the second bond, are equally bound for the full performance of the duties of his trust, by their principal.

If the sureties in the first bond pay the whole amount of the guardian's deficiency, equity will subrogate them to the rights of the ward, so far as to allow them to use the second bond to enforce contribution.

ERROR to the Common Pleas of *Somerset county*.

This was an action of debt by The Commonwealth of Pennsylvania, for the use of Michael Zimmerman and Frederick Gonder, against Walter F. Fundenburg, administrator *de bonis non* of Joshua F. Cox, deceased, upon a bond given by the defendant's intestate, as one of the sureties of Samuel Kimmel, guardian of the minor children of John Graham, deceased. The parties agreed upon a case stated, in the nature of a special verdict, in which the following facts were set forth:—

On the 5th December 1837, Samuel Kimmel was appointed by the Orphans' Court of Somerset county, guardian of the minor children of John Graham, deceased, and gave bond in the usual form, in the sum of $32,000, with Michael Zimmerman, Frederick Gonder, and Absalom Casebeer, since deceased, as his sureties.

On the 29th January 1846, Samuel Kimmel filed an account, as guardian, to which exceptions were filed, and the same having been referred to an auditor, a balance of $14,277.02½ was found to be due to the wards. On the 2d November 1847, a certificate of this balance was entered on the docket of the Court of Common Pleas.

On the 3d May 1847, Michael Zimmerman, Frederick Gonder, and Absalom Casebeer, the sureties, presented their petition to the Orphans' Court, setting forth that Kimmel had received large sums of money, as guardian, for which they were bound, and that he was wasting and mismanaging the estate of his wards, whereby they were likely to suffer loss; and praying the court to direct that the guardian should settle and adjust his account, or give other and further security for the discharge of his duties.

On the 6th September 1847, the Orphans' Court ordered "that Samuel Kimmel give other and further security;" and on the 10th, he gave another bond, in $25,000, with Joshua F. Cox, the defendant's intestate, and Jacob Lohr, as sureties. This bond was in the ordinary form, conditioned for the faithful performance of the duties of the guardian.

[The Commonwealth v. Cox's Administrator.]

The guardian filed a second account on the 7th September 1847, exhibiting a balance in favour of the wards of $15,922.40, which was confirmed by consent. He exhibited another account, which came before the court for confirmation on the 24th February 1852, and resulted in a balance against him, at that time, of $3343.37. This balance was made up in part of items that should have been charged against the guardian in his first account, and for which he was responsible before the date of the second bond.

Suit was brought by the wards against the sureties on the first bond, and judgment recovered against them on the 15th November 1855; and on this judgment they were compelled to pay the sum of $5032.61, for which this suit was brought. This sum embraced the whole liability before and after the giving of the second bond. If, however, Cox's liability began only with the second bond, it was agreed that the amount of moneys received by the guardian, after that date, and not accounted for, was $2462.73.

The court below gave judgment for the defendant on the case stated; whereupon the plaintiffs removed the cause to this court, and here assigned the same for error.

*Baer Brothers*, for the plaintiffs in error.—The second bond given by the defendant's intestate was not an additional security for the wards (they were satisfied with the responsibility of the plaintiffs), but it was intended as an indemnity to the sureties in the first bond. It was given in pursuance of the 28th section of the Act of 29th March 1832. The proceedings under that section are the same as those under the 22d, and the court will not defeat the object of the parties on a mere technicality: Kirkpatrick v. McDonald, 1 *Jones* 393. The intent of the parties is not to be disregarded by reason of the form in which the second bond was taken by the clerk. The court decreed that counter security should be given, and there was a substantial compliance with it: Horton's Appeal, 1 *Harris* 70.

If the bonds are good the suit is well brought: Armstrong v. Lancaster, 5 *Watts* 68; McKinney v. Mehaffey, 7 *W. & S.* 278; 1 *Id.* 156; 1 *Pet. C. C.* 449; 3 *Rawle* 372; 6 *W. & S.* 238.

*Edie*, for the defendant in error.—The plaintiffs did not petition for counter security, but for further and other security; and this enured for the benefit of the *cestuis que trust*, not of the sureties in the first bond. The plaintiffs have shown no right to recover on the second bond.

The opinion of the court was delivered by

LOWRIE, C. J.—The first sureties of the guardian ought to have asked for " counter securities," or surety for their own indemnity

[The Commonwealth *v.* Cox's Administrator.]

under the 28th section of the Orphans' Court Law of 1832; but instead of that they asked for "other and further security" under the 22d section; and the court ordered that and it was given. The decree and the bond under it show this and nothing more. The result was, that to the three sureties of the first bond, there were added, by a second bond, two others; and the whole five are all alike bound for a full performance of all the guardian's duties. A careful examination of the case makes this quite plain. It follows, of course, that all are alike bound to supply the defaults of their principal: *Theobald on Pr. and Surety*, § 287; and the case of Smiton *v.* Miller, 3 *Ross's Leading Cases* 42, shows this. That case is just like this, except that the new surety there was not given in court. It follows further, that, as none of the sureties appear in the case stated to be insolvent, each is bound for one-fifth: *Theobald*, § 282.

There is no difficulty about the form of the action. The sureties in the first bond paid the whole, and equity subrogates them to the rights of the wards, so far as to allow them to use the second bond to enforce contribution. It was not in law satisfied by the payment by the other sureties, and equity allows them to sue on it. Even if all the sureties had been in one bond, the paying sureties could now, by the law of England, sue their co-sureties on it, in the name of the obligee, and recover contribution: Act 29th July 1856, § 5; 3 *Ross's Leading Cases* 945. We need not say how this would be with us. The plaintiffs are entitled to recover one-fifth from the defendant.

> Judgment reversed, and judgment for the plaintiffs for $1006.52, with interest from 1st April 1860, and costs.